AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| United States of America )<br>v. )<br> )  Case No.  2:19-mj-00593-NJK<br>CONOR CLIMO )<br>*Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
   **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Attachment.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          08/09/2019

NANCY J. KOPPE, United States Magistrate Judge

**Attachment to Detention Order**

All the information the defendant gave to Pretrial Services is unverified. There is no verified information regarding the defendant's background, his substance use history, and/ or his mental health history. The defendant admits to having suicidal ideations. The defendant states he has a valid passport, which is unverified. The defendant told Pretrial Services that he has an extremely shaky relationship with his mother. The defendant's aunt also stated that the defendant's relationship with his mother is "awful." The Court finds that the defendant is not just talking about what he believes and intends to do, but rather is planning, and has engaged in actions. The defendant has gathered component parts that can readily be assembled into a destructive device. When the search warrant was executed, the defendant had in his possession, in his room with the door unlocked and unsecured, an AR-15 and a bolt action rifle, even though a nine-year-old child lived in that residence as well. The defendant was chatting on Wire, which is encrypted, so that law enforcement could not find his conversations. The defendant is a member of The Feuerkrieg Division of Atomwaffen, which is known as an organization that encourages, and may even commit, violent attacks on people of the Jewish religion, homosexuals, African Americans, and Federal infrastructures. The defendant talked about attacking the Anti-Defamation League, knew where that office was, and talked extensively about attacking a synagogue. The defendant sent the undercover agent or confidential source three Google maps that set out which synagogues were in the area. The defendant stated that he recruited a homeless person to do surveillance on one specific synagogue. The defendant had very specific plans about attacking one specific synagogue near his house. The defendant spoke of wanting to light an incendiary device and having others join him to shoot people as they came out of the synagogue. The defendant wanted to infiltrate the security agency that patrols the grounds of that synagogue so that he would know the synagogue's schedule and had done research as to what security agency patrols the grounds of that synagogue. The defendant admits that he is a White Supremacist and has an ideology regarding certain people, including Jewish people, homosexuals, and African Americans, and that he has hatred towards them, wants to cause harm to them, and kill them. The defendant told the undercover agent or confidential informant that he surveilled a bar on Fremont Street that he believed catered to the LGBTQ community. In a journal in his room, the defendant had a sketch of that bar with attack plans, specifically attacking the patrons of that bar. The defendant described to the undercover agent or confidential source the plan for attacking the synagogue. The defendant talked about using Molotov cocktails and other incendiary devices, and expressed an affinity for other terrorists and other terrorist acts. During the execution of the search warrant, the defendant told the FBI that he has a hatred of people of the Jewish religion and homosexuals. The defendant said he wanted to commit an attack, wanted to uphold his ideology, and wanted to get his message out. The defendant freely described his White Supremacist ideology to agents. Further, the defendant admitted to building explosives and admitted his desire to act out with firearms and explosives. The defendant discussed his unhappiness with his life and how extreme his unhappiness is. The defendant had several entries in his journal addressing this unhappiness. The defendant referred to his journal as a manifesto during his interview. His journal also discussed his disdain for people of the Jewish religion, which appears to be driven by his lack of money and an anti-Semitic trope that people of the Jewish religion control money. The defendant had plans for a McDonald's attack and had sketched it out in his journal or sketchbook. The defendant talked

about the attack as a suicide mission. The way the defendant's aunt describes his home, it is not an appropriate place to live. The defendant is currently employed but it is unknown if he can return to that employment. As a result, the Court finds that there are no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant. Accordingly, the defendant is ORDERED DETAINED pending trial.